Case 1:23-cv-00295-RSK   ECF No. 1, PageID.1   Filed 03/22/23   Page 1 of 9

FILED - GR
March 22, 2023 3:13 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: /6 /3/23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CORNELIUS WARE**
    Plaintiff

vs

**ICF HEALTHCARE [HC] DR. PETER E. SICES,
RN PATRICE LAMB, RN CARRIE WILLIAMS,
AND HC SECRETARY EILEEN CANNON**
    Defendants

U.S. DISTRICT #

U.S.D.J.

U.S.M.J.

**1:23-cv-295
Ray Kent
U.S. Magistrate Judge**

ATTORNEY GENERAL OFFICE
525 WEST OTTAWA STREET
PO BOX: 30212
LANSING, MICHIGAN

CORNELIUS WARE #196489
IONIA CORRECTIONAL FACILITY
1576 WEST BLUEWATER HIGHWAY
IONIA, MICHIGAN 48846

DIRECTOR HEIDI E. WASHINGTON
DEPARTMENT OF CORRECTIONS
GRANDVIEW PLAZA
PO BOX 30003
LANSING, MICHIGAN 48909

## 1983 CIVIL COMPLAINT

**I.      PREVIOUS LAWSUITS**

**A.** Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?                                    **No**

**B.** If your answer to question **[A]** was yes, for each lawsuit you have filed you must answer questions 1 through 5 below.

**1.** Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

**2.** Is the action still pending?         **N/A**

**a.** If your answer was no, state precisely how the action was resolved:

**3.** Did you appeal the decision?         **N/A**

**4.** Is the appeal still pending?         **N/A**

1

a.      If not pending, what was the decision on appeal?

5.      Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?                                **N/A**

## II.     PLACE OF PRESENT CONFINEMENT

**IONIA CORRECTIONAL FACILITY
1576 W. BLUEWATER HIGHWAY
IONIA, MICHIGAN 48846**

## III.    PARTIES

### A.     PLAINTIFF

CORNELIUS WARE #196489
IONIA CORRECTIONAL FACILITY
1576 W. BLUEWATER HIGHWAY
IONIA, MICHIGAN 48846

### B.     DEFENDANTS

ICF HEALTHCARE [**HC**] SERVICES

DR. PETER E. SICES, RN PATRICE LAMB
RN CARRIE WILLIAMS, AND
HC SECRETARY EILEEN CANNON

IONIA CORRECTIONAL FACILITY
1576 W. BLUEWATER HIGHWAY
IONIA, MICHIGAN 48846

## IV.

### STATEMENT OF CLAIM[1]

The Plaintiff **Cornelius Ware** is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). He sues the following ICF Defendants: **ICF** Healthcare [**HC**] Services Dr. Peter E. Sices, RN Patrice Lamb, RN Carrie

---

[1]     The List of Exhibits regarding this Claim are hereafter Identified as (Ex) A-H

**2**

Williams, and HC Secretary Eileen Cannon who works for the Michigan Department of Corrections in their personal and in their official capacities.

This incident occurred at the Ionia Correctional Facility which is a level-5 facility where the Plaintiff is housed and is based upon the Plaintiff's allegations against these Defendants for their Deliberate Indifference to the Plaintiff's serious medical needs.

On March 2, 2022, while being housed at the Ionia Correctional Facility, the Plaintiff was examined by Dr. Peter E. Sices, who advised the Plaintiff that he had Stage-4 Pancreatic Cancer and had 1-year to live. Dr. Peter E. Sices then had the Plaintiff sign and date a Release of a Prisoner on Parole Form which is utilized only for a prisoner who is serving a term of life imprisonment without parole. This form requests the Parole Board, the Governor, and/or the Attorney General to grant a medical parole for a prisoner determined to be medically frail. The Plaintiff's **Cancer** is described in **Ex-A** Oncology Report at p-6 which clearly indicates that the Plaintiff's case was discussed with Dr. Oyasiji **after he had completed chemotherapy**. As such, a decision to grant a medical parole must be initiated on the recommendation of MDOC Health Care Services, i.e. by Dr. Peter E. Sices, if Health Care Services believes that the prisoner is medically frail, and was examined by a specialist in the appropriate field of medicine, who is not employed by MDOC, to evaluate the condition of the prisoner and to report his findings to Health Care Services, which was verified and signed by Dr. Oyasiji and sent to Dr. Peter E. Sices. After 3-months of waiting, in June of 2022, the Plaintiff sought a response from Dr. Peter E. Sices inquiring on his recommendation to the Attorney General's Office for a medical parole. He was advised by Healthcare Services that it had been sent out. From March until October of 2022, while Plaintiff was terminally ill, Plaintiff awaited a recommendation on his medical parole, believing that it had been submitted as Healthcare Services had represented. In October 2022, after waiting *seven months* for a recommendation, Plaintiff

received notice that the documentation had, in fact, *not been submitted* to the Parole Board by Dr. Sices or ICF Healthcare Services. On October 06, 2022 the Plaintiff contacted Healthcare Services advising them of this fact. See **Ex-B & D** Step-1 HC Secretary Eileen Cannon Response Kite and Step-1 Investigation Summary. In response, Defendant Eileen Cannon stated that Dr. Peter E. Sices' Parole Form was misplaced and that a second set was sent in August of 2022. Contrary to Healthcare Services' representations, no form had yet been sent to the Attorney General's Office for a medical parole with respect to on the Plaintiff serious and terminal medical condition. Noteworthy is the fact that ICF HC **RN Carrie Williams** stated in an **October 11, 2022** memo to the Plaintiff that she checked into this matter and discovered that the Parole Board Medical Status Report was just recent sent to the Parole Board **on October 07, 2022** and that she was able to locate his **original medical parole papers** and **forwarded them** to the Attorney General's Office herself to be put in his file. This memo stated, in part, it was unfortunate that his original application was not forwarded to the Attorney General's Office in March of **2022**. See also **Ex-B** Step-1 Kite Response from RN Carrie Williams Healthcare on October 11, 2022. The Plaintiff in this case has exhausted all three steps 1-3 grievances. See **Ex B-E**. A Step-1 response was given and its decision stated that the Plaintiff initial paperwork for the Parole Board in March of 2022 was misplaced, and that it was identified and corrected, never happened. The Plaintiff appealed the Step-1 to a Step-2 stating that ICF Healthcare Services failed to acknowledge that they made two critical mistakes by failing to mailing these documents to the Attorney General's Office or Parole Board. See **Ex-F**. For example, consider that facts stated in **RN Carrie Williams** Kite Response that she, not Dr. Peter E. Sices[2] or HC Secretary Eileen Cannon, founded the Plaintiff original papers

---

[2]  Dr. Peter E. Sices acting under MDOC and Corizon Medical Inc. has had over 50 1983 Civil Actions filed against him regarding claims by state prisoners that he acted with deliberate indifference to ICF prisoners' medical needs and retaliation for prisoners' grievance activities against him regarding his medical mistreatment upon ICF prisoners. At some point this Court

**4**

from March of 2022, and she, <u>forward those papers to the Parole Board on October 07, 2022</u>. Likewise, a Step-2 Response was given by **RN Patricia Lamb** on December 09, 2022 **admitting that** the Plaintiff was **diagnosed with terminal cancer**. **Admitting that** the Plaintiff Medical Commutation Report **was misplaced** and that this matter **was referred** to ICF Healthcare Services and BHCS leadership administrative **for review**. However, the Step-2 Response offered no remedy to correct this error. In the Plaintiff's Step-3 reason for an appeal, the Plaintiff stated that he sent this matter to the Director's Office in Lansing, Michigan, stating that the Plaintiff's Application for a Pardon or Commutation was received on January 05, 2023. The Plaintiff's Step-3 Response was reviewed by **Office Manager Richard D. Russel**, <u>was rejected on the grounds that it was missing the Plaintiff's Step-1 response pursuant to PD 03.02.130</u>. However, nothing in PD 03.02.130 permits a rejection for not attaching a prisoner's Step 1-2 responses. The only thing that qualifies for a rejection under PD 03.02.130 is a late filing. See PD 03.02.130 (H) stating grievances shall not be rejected or denied solely because the prisoner has not included with his/her grievance exhibits or other documents related to the grievance. Likewise, Office Manager Richard D. Russel's reliance on PD 03.02.130 is misplaced because Mr. Russel failed to identify what portion of PD 03.02.130 supports his grounds for rejecting the Plaintiff Step-3 appeal? Specifically, PD 03.02.130(H-I) states in relevant part:

> Grievances shall not be rejected or denied solely because the prisoner has not included with his/her grievance exhibits or other documents related to the grievance. A grievant whose grievance is rejected may appeal the rejection **to the next step** as set forth in this policy.

PD 03.02.130(HH) simply states in relevant part:

> The tracking system shall include information on the subject matter of each grievance received and, **for rejected grievances**, the basis **for the rejection**. The Manager of the Grievance Section shall ensure that any additional investigation is completed as necessary for each Step III grievance

---

should take a legal stand saying enough is enough for both the objective and subjective components of an Eight Amendment Claim for a Deliberate Indifference committed by Dr. Sices for the past 10-years.

**5**

accepted, and, **for disability issues**, to the **Equal Employment Opportunity Office**, as appropriate, and that a copy of the Step III response is provided to the grievant.

Defendants Dr. Peter E. Sices and HC Secretary Eileen Cannon Smith (were aware of the Plaintiff's serious medical needs and illness, and were deliberately indifferent to those needs when they failed to submit the appropriate forms for purposes of Plaintiff's medical parole. Defendants' actions were deliberately indifferent to Plaintiff's serious medical needs in direct violation of his Eighth Amendment rights. Not only did Defendants fail to submit the required forms, but when confronted with their failure to submit these forms both of these Defendants lied that the forms had been mailed. With that being said, the Plaintiff only has a few predicted months left to live and emphasizes the fact that both Dr. Peter E. Sices and HC Secretary Eileen Cannon Smith failed to provide him with appropriate medical care by sending to the Plaintiff Release of a Prisoner on Parole Form to Governor and/or the Attorney General in violation of his Eighth Amendment Rights and the Plaintiff has exhausted his grievances with respect to the foregoing facts stated herein.

## V.    RELIEF

**Wherefore**, Plaintiff requests this Court to:

1.    Enter a declaratory judgment pursuant to 28 USC §2201 declaring that the acts and omissions described herein violated Plaintiff's rights under the state and federal constitution and laws of the United States.

2.    Award to the plaintiff compensatory fees and costs for bringing this civil grievance pursuant to 28 USC §1983 to the federal courts.

3.    Award to the plaintiff compensatory damages sufficient to compensate him for Defendants' actions in the amount of $800,000.00 each.

4.    Grant preliminary and permanent injunctive relief pursuant to Fed R Civ. P 65 for any further retaliation and misconduct or other actions of Defendants affording him all the process due him under the circumstances.

5.  Award to Plaintiff punitive damages against each Defendant in the amount of $800,000.00 each for their acts or omissions.

6.  Grant such other relief as this court deems just and fair under the circumstances of this case.

## PROOF OF SERVICE

I certify under 28 USC §1746 that I mailed a copy of the following document:

## 42 USC §1983 CIVIL COMPLAINT

**To:**

ATTORNEY GENERAL DANA NESSEL
PO BOX: 30212
525 WEST OTTAWA STREET, 7th FLOOR
LANSING, MICHIGAN 48909

MDOC DIRECTOR OFFICE
PO BOX 30003
GRANDVIEW PLAZA
LANSING, MICHIGAN 48909

**SUBMITTED BY:**
_____

CORNELIUS WARE #196489

**DATED:** _____, 2023

Cornelius Ware *196489
Ionia Correctional Facility
1576 W. Bluewater Hwy.
Ionia, Michigan 48846



TO: Clerk of the Court
U.S. District Court
Western District of Michigan

FEDERAL Building
110 Michigan NW
Grand Rapids, Michigan
49503

